**VETERANS OF FOREIGN WARS OF the UNITED STATES, Department of Missouri, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 82–4250–CV–C–5.**

United States District Court,
W.D. Missouri, C.D.

May 10, 1984.

John Lake, Jefferson City, Mo., for plaintiff.

Ludwig H. Adams, Tax Div., Dept. of Justice, Washington, D.C., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant.

ORDER

SCOTT O. WRIGHT, District Judge.

This is an action for the refund of federal income taxes. The parties have filed a stipulation of uncontroverted facts and briefs in support of their respective positions.

*Stipulated Facts*

1. Plaintiff, Veterans of Foreign Wars of the United States, Department of Missouri, Inc., is a not-for-profit corporation organized and existing under the laws of the State of Missouri, with its principal office located at 1505 East High Street, Jefferson City, Missouri. Plaintiff is an exempt organization under Section 501(c)(19) of the Internal Revenue Code of 1954 (26 U.S.C.).

2. Plaintiff timely filed its Form 990–T Exempt Organization Business Income Tax Returns for the taxable years ending May 31, 1977, and May 31, 1978. These returns reported no unrelated business taxable income and no income tax due from plaintiff for those taxable years.

3. The Internal Revenue Service undertook an examination of plaintiff's income tax return and liabilities for the taxable years ended May 31, 1977 and May 31, 1978.

4. From 1957 through the present, plaintiff has conducted a program of soliciting "contributions" from its members involving the use of greeting cards.

5. In connection with operation of this greeting card program during the taxable years ended May 31, 1977, and May 31, 1978, plaintiff arranged for Famous Artists' Studios, Inc. to mail to certain of plaintiff's members in each year the following items:

a. One box embossed with the seal of The Veterans of Foreign Wars which contains 20 standard-size Christmas cards and 20 envelopes;

b. One solicitation letter of a "contribution of $3.00 (or more)" to plaintiff;

c. A reorder form for more Christmas cards for an additional $3.00 per box.

6. Recipients of the cards were under no legal obligation to give or pay any money to plaintiff.

7. If the member did not send a contribution, Famous Artists' Studios, Inc. mailed not more than three reminders to the member.

8. If the member did not send a contribution after the reminders were sent, no further solicitation was made for a "contribution."

9. The wholesale cost of each box of Christmas cards and envelopes was $1.05, which amount was paid to Famous Artists' Studios from the receipts for each box mailed. The retail value of each box of Christmas cards and envelopes was $2.00 and not more than $3.00. Plaintiff has requested a $3.00 contribution for each box of cards since 1966.

10. An average of approximately 45% of plaintiffs' members who "contributed" to the program sent in more than $3.00 for the Christmas cards.

11. Operation of and bookkeeping for the greeting card program were among the duties of the Quartermaster and the Secretary, two full-time salaried employees of plaintiff.

12. For the taxable years ending on the dates indicated, the gross receipts, cost of cards, other expenditures and excess receipts over disbursements of the plaintiff's greeting card program were as indicated in the following chart:

|  | May 31, 1977 | May 31, 1978 |
|---|---|---|
| Gross Receipts | $ 31,517.03 | $ 32,547.82 |
| Cost of Cards | 18,198.01 | 16,786.21 |
| Other Expenditures | 2,966.74 | 3,127.43 |
| Excess Receipts over disbursements | $ 10,352.28 | $ 12,634.18 |

These figures exclude the amounts by which each Christmas card "contribution" exceeded $3.00.

13. The net receipts from the card program were not reinvested into the card program but were used for the general operating fund of plaintiff and its service programs for military veterans, including the funding of its program to assist veterans with respect to obtaining benefits to which such veterans are entitled by law.

14. On November 30, 1978, State Quartermaster J.C. Bosch signed on behalf of plaintiff a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax with respect to $1,870.46 in income tax for the taxable year ended May 31, 1977, and $2,326.84 in income tax for the taxable year ended May 31, 1978. These figures were derived from the proposed determination of the Internal Revenue Service that the Net Receipts calculated in paragraph 12 hereinabove was unrelated business taxable income (subject to a specific deduction of $1,000).

15. On April 28, 1980, a delegate of the Secretary of the Treasury assessed against plaintiff for its taxable year ended May 31, 1978, income tax in the amount of $2,326.84 and interest in the amount of $52.65. On July 7, 1980, a delegate of the Secretary of the Treasury made additional assessments of $26.77 in interest and $11.63 in late payment penalty. On June 5, 1980, plaintiff paid $2,417.89 in satisfaction of all of these assessments with respect to the taxable year ended May 31, 1978.

16. On May 21, 1980, a delegate of the Secretary of the Treasury assessed against plaintiff for its taxable year ended May 31, 1977, income tax in the amount of $1,870.46 and interest in the amount of $163.17. At other times, a delegate of the Secretary of

the Treasury made additional assessments of $163.17 in interest and $9.35 in late payment penalty. On June 5, 1980, plaintiff paid $2,220.68 against these assessments with respect to the taxable year ended May 31, 1977.

17. On July 30, 1980, plaintiff filed with the Internal Revenue Service claims for refund of $2,220.68 paid with respect to the taxable year ended May 31, 1977, and $2,417.89 paid with respect to the taxable year ended May 31, 1978. These claims were based upon plaintiff's contention with the income described in paragraph 10 hereinabove was not unrelated business income.

18. The plaintiff's claims for refund were disallowed by the Internal Revenue Service on August 3, 1982.

### Conclusions of Law

1. The Court has jurisdiction of this action under 28 U.S.C. Sec. 1364(a)(1).

2. Plaintiff's receipts from the greeting card program for the taxable years ending May 31, 1977 and May 31, 1978, did not constitute unrelated business income within the meaning of Sections 511–13 of the Internal Revenue Code, and the assessment and collection of income tax thereon by defendant was erroneous.

### Opinion

Under Section 501(c)(19) of the Internal Revenue Code of 1954, plaintiff is granted a general exemption from federal income taxation as a non-profit organization of past or present members of the Armed Forces of the United States. Under Sections 501(b) and 511(a), plaintiff nevertheless may be taxed on its unrelated business income. The issue in this case is whether the net income received from plaintiff's Christmas card contribution program was unrelated business taxable income within the meaning of Sections 512(a)(1) and 513(a). The facts in each case must be examined closely to determine whether an activity conducted by a non-profit organization is a trade or business within the meaning of the relevant statutes.

Section 513(a) defines the term "unrelated trade or business" as follows:

(a)ny trade or business the conduct of which is not substantially related (aside from the need of such organization for income or funds or the use it makes of the profits derived) to the exercise or performance by such organization of each charitable, educational, or other purpose or function constituting the basis for its exemption under Section 501...."

Section 512(a)(1) defines the term "unrelated business taxable income" to mean the net income derived from an unrelated trade or business. Section 511(a) imposes a tax on unrelated taxable income. Treasury Regulation § 1.513–1(b) provides that an organization does not engage in a trade or business when it sends out low-cost articles incidental to the solicitation of charitable contributions.

The Seventh Circuit in *Hope School v. United States,* 612 F.2d 298 (7th Cir.1980), was faced with a case identical in all material respects to the one presently before the Court. In *Hope School,* a charitable organization operated a Christmas card program for the solicitation of charitable contributions. The program was operated for the school by a private business which received $1.10 for each box of cards sold. The school requested contributions of $2.00 or more in conjunction with the cards mailed to potential contributors. The Internal Revenue Service held that the activity constituted a trade or business and, accordingly, taxed the school for the profits it derived from the program. The Seventh Circuit held that the Christmas card program came within the exception for low-cost articles incidental to the solicitation of charitable contributions. The court further held that recent amendments to the Tax Code had established that the tax on unrelated trade or businesses conducted by charitable organizations was imposed to prevent tax exempt organizations from deriving an un-

**10**

fair competitive advantage over non-exempt organizations. *Id.* at 304. Since the net proceeds of the Hope School campaign were used for the benefit of the school, and the school did not reinvest the proceeds in the greeting card business, the court held that the school was not receiving a competitive advantage because of its tax exempt status.

The defendant in this case asserts that the decision in *Hope School* was incorrect and contrary to the law in this circuit. In *Clarence LaBelle Post No. 217 v. United States*, 580 F.2d 270 (8th Cir.1978), the Eighth Circuit ruled that an exempt organization's income from its bingo games was taxable pursuant to §§ 511–513, even if the games did not compete with any taxpaying organizations. The holding essentially was that an exempt organization could be taxed on its unrelated business income even when the organization was not competing with a non-exempt organization.

It is this Court's determination that this case is directly controlled by the Seventh Circuit's decision in *Hope School*. Further, the Seventh Circuit's decision does not conflict with the Eighth Circuit's decision in *LaBelle* because in this case the facts establish that plaintiff was not engaging in a trade or business under § 511–513. The greeting cards were distributed as low cost articles incidental to the solicitation of contributions. Further, according to the stipulation of facts, the plaintiff did not reinvest proceeds from its campaign into the greeting card program, thereby gaining no competitive advantage from its tax-exempt status and indicating that it was not operated as a trade or business. *See Hope School, supra,* at 304. In accordance with the foregoing, it is hereby

ORDERED that judgment is entered for the plaintiff in the amount of $4,638.57 with interest thereon, as provided by 26 U.S.C. § 6611 and 6621 from June 5, 1980. It is further

ORDERED that the government shall bear the costs of this proceeding.